# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

JESSICA LYN WELCH                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:14MC18-DAS

ALL AMERICAN CHECK
CASHING, INC., a Mississippi
Corporation                                                                          DEFENDANT

## ORDER

This matter is before the court on Erin Petty's motion (#18), which seeks relief from a previous order (#17) that requires her to pay All American Check Cashing, Inc.'s reasonable attorneys' fees and expenses stemming from her actions as a non-party witness in the underlying litigation. Having considered the motion, the court finds that it should be denied for the reasons that follow.

## Background

Previously, this court granted All American's motion for attorneys' fees and expenses after finding that Erin Petty had been evading service of a subpoena. In fact, from the documentation supporting All American's motion, it was apparent that at least twenty-six attempts were made at serving Petty. All twenty-six attempts failed. Notably, nine of these attempts occurred after the court held a telephonic conference, in which Petty's attorney participated, and stated that it would entertain a motion for sanctions if Petty was, in fact, avoiding service. Once Petty did finally attend the deposition, a second telephonic conference was required to force her to answer certain questions, and this court reiterated that it would entertain a motion to have Petty bear the costs flowing from her evasive behavior. Therefore,

before All American filed its motion for reasonable expenses, Petty received notice of possible sanctions from this court twice.

Months later, All American filed a motion to recover the fees and expenses it incurred as a result of its failed attempts at serving Petty. Through her attorney, Lisa Meggs, Petty responded by arguing that All American had failed to prove any attempt to evade service, and that All American had not been harmed in any way, as it was ultimately able to depose her. Petty also submitted that All American's motion was simply an attempt to punish her. In granting the motion, the court limited All American's recovery to only those fees and expenses incurred after the first telephonic conference, i.e., the date on which Petty was placed on notice that the court was considering sanctions against her.

In her motion for relief from judgment, Petty assigns two errors to this court's previous order. First, she argues that the court lacked jurisdiction to sanction her for actions preceding service of process. Petty also argues that the court failed to issue a show cause order or hold a hearing to determine whether sanctions were appropriate, thereby making the order granting sanctions improper. Each argument will be treated separately below.

### A. Jurisdiction

In her motion, Petty argues that this court lacked personal jurisdiction when it ordered her to pay All American's fees and expenses. Specifically, she argues that it was improper for the court to impose sanctions because, at least for the time period used by the court in calculating All American's expenses, she had yet to be served with a subpoena. True enough, this court is uncertain whether All American has ever successfully served Petty. But as will be explained below, the court finds that Petty is barred from raising personal jurisdiction as a defense.

Like subject matter jurisdiction, which limits a court's ability to hear certain matters, personal jurisdiction limits the court's authority over certain persons or property. Therefore, a judgment rendered in the absence of personal jurisdiction is void and must be set aside. *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988) (per curiam). To acquire jurisdiction over the person, a court must serve on the person a document, "such as a summons, notice, writ, or order." *McGuire v. Sigma Coatings, Inc.*, 48 F.3d. 902, 907 (5th Cir. 1995) (citing 2 Moore's Federal Practice ¶ 4.02[1] at 4-85). Though technically not an element of personal jurisdiction per se, such formal notice of contemplated action is part of the due process limitations on federal courts' jurisdiction. *Id*. Its primary function is to place parties on notice that an action has commenced against them. § 1063 Subject Matter Jurisdiction, Venue, Personal Jurisdiction, and Service of Process Distinguished, 4 Fed. Prac. & Proc. Civ. § 1063 (3d ed.). However, when a party raises personal jurisdiction or defective service of process as a defense, parties must do so at their first opportunity. *See* Fed. R. Civ. P. 12(b). If these defenses are not raised in a party's first responsive pleading, they are forfeited. Fed. R. Civ. P. 12(h). Similarly, parties waive these defenses if they voluntarily submit themselves to the court's jurisdiction by appearing before it and allowing it to adjudicate their rights. *McGuire*, 48 F.3d at 907.

Although Petty was not served with a subpoena during the time period for which sanctions were imposed, this court's order granting fees and expenses to All American is valid. In her response to All American's motion for fees and expenses, Petty failed to challenge the jurisdiction of the court. This omission proves fatal for Petty's jurisdictional argument. In so doing, Petty forfeited her ability to challenge personal jurisdiction under Fed. R. Civ. P. 12(h) and availed herself to the jurisdiction of this court.

## B. Show Cause Order

Petty also argues that this court erred by ordering sanctions without first issuing a show cause order and holding a hearing to determine whether sanctions were appropriate. In making this argument, Petty relies on *McGuire v. Sigma Coatings*, 48 F.3d 902 (5th Cir. 1995). However, this case is inapplicable to the facts presently before the court.

In *McGuire*, the Fifth Circuit was faced with this issue: whether a district court had jurisdiction to sanction in-house counsel for destruction of evidence when he was neither a party nor an attorney of record in the underlying case. 48 F.3d at 906. The attorney, James Veach, was employed as in-house counsel for a corporation that was being sued for environmental contamination. *Id*. at 905. The defendant corporation allegedly instructed Veach to destroy internal documents later held to be subject to a discovery order. Although plaintiffs never sought sanctions from individual attorneys or corporate officers of the corporation, the court imposed sanctions sua sponte against Veach after he testified at a hearing. *Id*. at 906. However, the district court never served Veach with an order to show cause. The Fifth Circuit vacated the order imposing sanctions on the ground that the district court had no personal jurisdiction over Veach because it "had not issued a show cause or similar order or process that would have put Veach on notice that sanctions were being considered against him personally." *Id*. at 907.

Unlike *McGuire*, sanctions were not ordered sua sponte by this court, and Petty was given ample notice that sanctions were being considered against her. The sanctions levied against Petty stem from All American's motion for fees and expenses, which was served on Petty's attorney, and to which Petty responded. Moreover, before All American filed its motion, this court explicitly stated in a telephonic conference that it would entertain a motion for costs if Petty was found to be evading service. Petty's attorney participated in his conference. This

warning was reiterated during the second telephonic conference in which Petty participated directly. Therefore, this court's previous order awarding All American its reasonable attorneys' fees and expenses is compliant with the due process limitations on federal jurisdiction because Petty received sufficient notice that sanctions were being considered against her.

## Conclusion

This court's previous order granting All American's motion for attorneys' fees and expenses is proper. In calculating the reasonable attorneys' fees and expenses attributable to her evasive behavior, the court was careful to include only those expenses incurred after Petty's attorney was put on notice that the court was considering sanctions. Petty received further notice of sanctions when All American filed its motion for fees and expenses. In responding to All American's motion, Petty voluntarily availed herself to the jurisdiction of the court and failed to challenge its jurisdiction. Consequently, Petty is bound by this court's previous order requiring her to reimburse All American for its reasonable expenses.

IT IS THEREFORE ORDERED that Petty's Motion for Relief from Judgment is hereby DENIED.

SO ORDERED this, the 16th day of April, 2015.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE